IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SALLY LOVELAND, et al., <br><br> Plaintiffs, <br><br> v. <br><br> FACEBOOK, et al., <br><br> Defendants. | Case No. 21-cv-03300-CRB <br><br> **ORDER RE MOTION TO DISMISS AND MOTION TO STAY** |

On June 25, 2021, the Court granted the parties' stipulation that Plaintiffs would sever their antitrust claims from their other claims. See Stipulation (dkt. 41). The parties agreed that within 30 days, Plaintiffs would file two new complaints: one containing their antitrust claims and one containing their other claims. Id. at 2. The parties also agreed that all deadlines would remain stayed pending Judge Koh's decision on a motion to relate Plaintiffs' antitrust claims to a group of consolidated cases before Judge Koh. Id.

Plaintiffs have now filed an amended complaint containing their antitrust claims. See Amend. Compl. (dkt. 42). Plaintiffs have not filed an additional complaint containing their other claims. Instead, Plaintiffs have moved the Court to (i) dismiss their other claims without prejudice under Rule 41(a)(1)(A) of the Federal Rules of Civil Procedure, and (ii) stay their amended antitrust complaint until Judge Koh rules on the motion to relate. See Mot. to Dismiss and Stay (dkt. 43).

Because Rule 41(a) permits a plaintiff to voluntarily dismiss a complaint "without a court order" before the opposing party serves an answer or a motion for summary judgment, the Court construes Plaintiffs' motion to dismiss as a notice of dismissal. See Fed. R. Civ. P. 41(a)(1)(A)(i).

Plaintiffs' non-antitrust claims have been dismissed by operation of that notice of dismissal.  <u>Id.</u>[1]

The Court grants the motion to stay based on the parties' prior stipulation that any new complaints would remain stayed pending Judge Koh's decision on the motion to relate.  <u>See</u> Stipulation at 2.

**IT IS SO ORDERED.**

Dated: August 1, 2021

CHARLES R. BREYER
United States District Judge

---

[1] The Court also notes that the filing of an amended complaint without filing an additional complaint pursuant to the parties' stipulation has likely mooted Plaintiffs' other claims, leading to the same result. <u>See</u> <u>Ramirez v. Cnty. of San Bernardino</u>, 806 F.3d 1002, 1008 (9th Cir. 2015).